UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAGDALENA RAMAMURTHY,

                    Plaintiff,

v.                                                            Case No.  6:14-cv-427-Orl-18KRS

STATE OF FLORIDA SUPREME COURT,
ET AL.,

                    Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915 (Doc. No. 9)** |
| **FILED:** | **March 18, 2014** |

I.      PROCEDURAL HISTORY.

        Plaintiff Magdalena Ramamurthy filed an amended complaint against the following

Defendants: the Florida Supreme Court; the Florida Fifth District Court of Appeal; Florida

Governor Rick Scott/State of Florida; Armando Ramirez, the Clerk of Court for Osceola County,

Florida; The Florida Bar; the Florida E-Filing Authority; and, Wells Fargo Bank and Michael K.

Winston, one of its attorneys.  Doc. Nos. 5, 13.[1]  She contends that these Defendants have violated

_____

[1]  Ramamurthy withdrew her claims against unknown parties.  Doc. No. 13.

her civil rights to equal access to the courts and equal protection in violation of the Constitution of the United States. *Id.* at 1, 6.

In sum, Ramamurthy alleges that she is a citizen of Florida. Doc. No. 5 at 1. It appears that she was a defendant in a foreclosure action filed in the Circuit Court in Osceola County, Florida. She alleges that the Clerk of Court did not permit her to e-file documents in that Court. *Id.* at 4.

A judgment was apparently entered against Ramamurthy in the Circuit Court on about July 7, 2013. *Id.* at 3. Ramamurthy appealed the judgment to the Florida Fifth District Court of Appeal. The Fifth District Court of Appeal permitted her to e-file documents in that court, but it denied her motion to direct the Circuit Court to permit her to e-file documents. She asked the Florida Supreme Court to review the decision not to permit her to e-file in the Circuit Court. The Supreme Court determined that it was without jurisdiction. *Id.* at 5.

Ramamurthy alleges that the denial of e-filing authority to *pro se* litigants gives special treatment to members of the Florida bar. *Id.* at 6. She alleges that the decisions of the Florida Fifth District Court of Appeal, Florida Supreme Court and others in Florida state government and the policy and procedures of Florida E-Filing Authority and Florida Clerks of Court violate the basic rights of equality in the United States Constitution. *Id.* at 6-7. She alleges that Governor Scott is responsible for Florida appointed and elected officials, including the E-Filing Authority. She alleges that the Florida Bar has not challenged the violation of equal rights. *Id.* at 5.

## II.    STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1

(11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants -

prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both

categories.").  Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district

court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter

jurisdiction in a case.  *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing

*Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[2]  "[I]t is incumbent upon federal courts

trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if

necessary."  *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).  Federal

courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter

jurisdiction, even when a party has not challenged it.  *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*,

168 F.3d 405, 410 (11th Cir. 1999).

## III.    ANALYSIS.

Liberally construing Ramamurthy's amended complaint, it appears that she intends to bring a

suit under 42 U.S.C. § 1983 against each defendant for violation of her right to equal access to the

courts and equal protection.  Her claims are due to be dismissed for the reasons discussed below.

*A.    Immunity.*

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it

does not provide a federal forum for litigants who seek a remedy against a State for alleged

deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived

---

[2] Unpublished decisions of the United States Court of Appeals for the Eleventh Circuit are cited herein as persuasive authority.

its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth

Amendment to override that immunity." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989)

(internal citation omitted).  Congress did not override Eleventh Amendment immunity for purposes

of civil rights suits under § 1983. *Id.*  Florida has not waived its Eleventh Amendment immunity

from suit in federal court. *See* Fla. Stat. § 768.28(18).

"[T]he Eleventh Amendment extends to state agencies and other arms of the state.  The

Eleventh Amendment prohibits actions against state courts and state bars." *Kaimowitz v. The Fla.*

*Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) (internal citations omitted).   The Eleventh Amendment

also does not permit suit against state agencies or the state itself, even when the relief is prospective.

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-03 (1984).  Therefore,

Ramamurthy's claims against Governor Scott/State of Florida[3], the Florida Supreme Court, the

Florida Fifth District Court of Appeal, and The Florida Bar are due to be dismissed because the State

and the State agency Defendants are immune from suit.[4]

---

[3]  Governor Scott is also not a proper defendant in a suit brought under § 1983.  *Will*, 491 U.S. at 71.

[4]  Clerks of Court in Florida, such as Defendant Ramirez, may also be considered "arms of the state" and entitled to Eleventh Amendment immunity from suit for money damages in federal court. *Blankenship v. Childers*, No. 3:12cv216/MW/EMT, 2013 WL 6536827, at *5 (N.D. Fla. Nov. 14, 2013), *adopted* 2013 WL 6536898 (N.D. Fla. Dec. 13, 2013).  The Florida E-Filing Authority is also likely an "arm of the state" entitled to Eleventh Amendment immunity.  The Florida E-Filing Authority is a public body, created by the clerks of the Florida Circuit Courts and the Clerk of the Supreme Court, pursuant to an agreement authorized by the Florida Interlocal Cooperation Act of 1969. *See* Fla. Stat. § 163.01; Interlocal Agreement Establishing the Florida E-Filing Authority §§ 1.1(c), 2.3, http://www. myflcourtaccess.com/authority/boarddocuments.html (follow "Interlocal Agreement" hyperlink) (last visited July 7, 2014).

B.     *Failure to State Claims on Which Relief Can Be Granted.*

1.     <u>Wells Fargo Bank and Attorney Michael K. Winston</u>.

It appears that Wells Fargo Bank, represented by Attorney Winston, initiated the state foreclosure action in which Ramamurthy was not permitted to e-file documents.  In her amended complaint, Ramamurthy does not allege any facts about conduct by Wells Fargo Bank or Attorney Winston that pertain to her causes of action arising from her inability to e-file documents in the Circuit Court.  Therefore, the claims against these defendants are due to be dismissed for failure to state a claim on which relief can be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2.     <u>Prospective Injunctive and Declaratory Relief</u>.

To the extent that Ramamurthy seeks prospective relief declaring the Florida e-filing policies and procedures to be an unconstitutional deprivation of the right of *pro se* litigants to e-file in Florida state courts, her amended complaint fails to state a claim on which relief can be granted.  In her amended complaint, she alleges that "[t]he Clerk of Court did not permit e-Filing by the Pro-Se and was directed to the IT department whom informed that there is no way to do so . . . ." Doc. No. 5 at 3.  It is not clear from this allegation who in the office of the Clerk of Court told Ramamurthy that she could not e-file documents.

Supervisory officials, such as Defendant Ramirez, are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *Watson v. Lockette*, 379 F. App'x 822, 826 (11th Cir. 2010) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Absent an allegation that Defendant Ramirez personally participated in the decision to deny Ramamurthy the ability to e-file documents, Ramamurthy must allege facts showing a causal connection between actions of the supervising official and the alleged

constitutional deprivation or facts showing that the clerk's office employees were acting pursuant to a policy or custom establish by the Clerk of Court. *Id.* Therefore, Ramamurthy's claims are also due to be dismissed because she fails to state claims on which relief can be granted.

C.    *Leave to File a Second Amended Complaint.*

Because Ramamurthy is proceeding *pro se*, I recommend that she be given leave to file a Second Amended Complaint.  Her new pleading should be captioned **Second Amended Complaint**.  In the Second Amended Complaint, Ramamurthy **must name all defendants in the caption**.  She must name as defendants only those persons responsible for the claims that she alleges.  She may not name as defendants the State of Florida or state agencies that are immune from suit in federal court.

In the Second Amended Complaint, Ramamurthy should allege the bases for federal jurisdiction over her claims.  She should allege each claim in a separate count of the Second Amended Complaint.  Each count of the Second Amended Complaint should contain a caption that clearly states the legal basis for the claim and the defendant(s) that she contends should be liable with respect to that claim.

Further, Ramamurthy should clearly describe how each named defendant is involved in the alleged violation(s) in the body of the Second Amended Complaint in a section entitled "Statement of Facts."  She must allege all facts on which she relies in the Second Amended Complaint without referring to or incorporating by reference earlier complaints.  Ramamurthy must allege some causal connection between the defendant named and the injury allegedly sustained.  One generally cannot be held liable for the actions and/or omissions of others, but can

only be held responsible if he or she participated in the deprivation of a plaintiff's rights or directed such action and/or omission that resulted in such deprivation.

Finally, Ramamurthy must allege specifically how she has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Ramamurthy should be cautioned that failure to file a proper Second Amended Complaint may result in this case being dismissed.

## IV.     RECOMMENDATION.

For the reasons stated above, I **respectfully recommend** that the Court **DISMISS** the case without prejudice and allow Plaintiff to file a Second Amended Complaint within fourteen (14) days after the Court's order on this Report and Recommendation and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 9, without prejudice to refiling it with the Second Amended Complaint.  I **further recommend** that the Court advise Plaintiff that failure to file a Second Amended Complaint within the time permitted by the Court will result in dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 8, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy